**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

IN RE

ARIANA ENERGY, LLC                                              CASE NO. 14-51199

DEBTOR

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Supplemental Claim Objection of Ariana Energy, LLC [ECF No. 166] to Proof of Claim No. 6 filed by Vanguard Natural Gas, LLC ("Vanguard") and Vanguard's Response [ECF No. 168]. For the reasons indicated hereafter, the Debtor's Objection to Claim is sustained and Vanguard's Proof of Claim No. 6 is disallowed.

**I.     FACTS AND PROCEDURAL HISTORY**

The parties jointly stipulated to the facts and relevant documents. [Joint Stipulations of Fact, ECF No. 150.] Further, the parties confirmed at the October hearing on this matter that no further evidence is necessary for the Court to resolve the issues raised by the parties.

The Debtor filed its chapter 11 petition on May 13, 2014. On June 24, 2014, the Court entered an Agreed Order [Agreed Order Authorizing Debtor to Reject Contract, ECF No. 42] authorizing the Debtor to reject the Firm Transportation Agreement dated October 30, 2003, by and between East Tennessee Natural Gas Company, as Transporter, and Ariana Energy, LLC, as Shipper ("2003 Transportation Agreement"). [Joint Stipulations of Fact, ECF No. 150 at Exhibit A.]

On August 11, 2014, the Court entered an Order establishing a bar date for filing proofs of claim. [Order Establishing Bar Dates for Filing Proof of Claim and Approving Form and

1

Manner of Notice Thereof, ECF No. 51 ("Bar Date Order").] The Bar Date Order established a General Bar Date of September 16, 2014, and a bar date applicable to rejected executory contracts and leases. [*Id.*]

On August 15, 2014, East Tennessee Natural Gas, LLC[1] ("ETNG") filed Proof of Claim No. 3 seeking damages related to rejection of the 2003 Transportation Agreement. On March 30, 2015, the Debtor filed an Objection to Proof of Claim No. 3, arguing ETNG failed to mitigate damages related to rejection of the 2003 Transportation Agreement. [Objection to the Claim of East Tennessee Natural Gas, LLC, ECF No. 103.]

On April 10, 2015, Proof of Claim No. 3 was assigned to Vanguard Natural Gas, LLC ("Vanguard"). [Notice of Transfer of Claim, ECF No. 106.] The transfer was required by the Compromise and Settlement Agreement dated January __ [*sic*], 2015, by and between ETNG and Vanguard. [Joint Stipulations of Fact, ECF No. 150 at Exhibit D.] The Settlement Agreement indicates it is executed pursuant to the Guaranty dated July 6, 2007, made by Vanguard, as Guarantor, in favor of ETNG, as Beneficiary[2] (the "Guaranty"). [Joint Stipulations of Fact, ECF No. 150 at Exhibit B.]

Pursuant to the terms of the Settlement Agreement, Vanguard made payments to ETNG totaling $316,984.98. The Settlement Agreement also obligates Vanguard to enter into a new transportation agreement with ETNG that will expire on October 31, 2018, the same expiration date as the 2003 Transportation Agreement. Further, the new transportation agreement contains

---

[1] *See infra* at n2.
[2] There is a difference in the name of ETNG as "Transporter" in the 2003 Transportation Agreement, and as claimant in Proof of Claim No. 3 and "Beneficiary" in the Guaranty. In the 2003 Transportation Agreement, the Transporter name includes "Company" and is described as a Tennessee corporation. The names of the claimant and the Beneficiary replace "Company" with "LLC" and the Guaranty describes the Beneficiary as a limited liability company. The Joint Stipulations treat the entities as the same in these documents, so this distinction is overlooked for this decision. [Joint Stipulations of Fact, ECF No. 150.]

slightly better terms for ETNG than the 2003 Transportation Agreement, meaning that ETNG was made whole by the Settlement Agreement.

Briefing of the Objection to Proof of Claim No. 3, as assigned to Vanguard, continued for several months. [*See* ECF Nos. 129, 141, 146, 150-157, 159.] During the briefing, on August 21, 2015, Vanguard filed Proof of Claim No. 6 asserting claims based on "indemnity arising out of performance of" the Guaranty. [Proof of Claim 6-1] The Debtor also objected to Proof of Claim No. 6. [Supplemental Claim Objection of Ariana Energy, LLC, ECF No. 166.]

The Objection to Proof of Claim No. 3 came on for hearing on September 17, 2015. During oral argument, Vanguard ultimately agreed that Proof of Claim No. 3 is no longer viable because ETNG was paid in full through the Settlement Agreement. Instead, Vanguard explained that it was pursuing a claim for indemnification and subrogation, as raised in Proof of Claim No. 6. The Court entered an Order disallowing Proof of Claim No. 3 and gave the parties additional time to address Vanguard's Proof of Claim No. 6. [Order, ECF No. 163.]

On September 24, 2015, Vanguard filed a response to the Debtor's objection to Proof of Claim No. 6 and also amended the claim to assert a right of subrogation under 11 U.S.C. § 509. [Vanguard Natural Gas, LLC's Response to Debtor's Supplemental Claim Objection, ECF No. 168; Proof of Claim No. 6-2.] The Debtor filed its reply and the matter was heard on October 22, 2015. [Reply of Ariana Energy, LLC to Vanguard Natural Gas, LLC's Response to Debtor's Supplemental Claim Objection, ECF No. 169.] At the hearing, the parties confirmed the record is complete and the matter was submitted for decision.

## II. DISCUSSION

### A. <u>Vanguard Bears the Burden of Proof</u>.

The burden of proof in a claims allowance dispute rests on different parties at different times. Initially, "a proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." FED. R. BANKR. P. 3001(f). "[A] claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward." *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992).

The burden then shifts to the objecting party to produce sufficient evidence to overcome the *prima facie* validity of the claim. "It is often said that the objector must produce evidence equal in force to the *prima facie* case. In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *Id*. If the objecting party produces sufficient evidence to negate one of the allegations of the claim, "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Id.* The ultimate burden of persuasion is always on the claimant. *Id. See also Tolliver v. Bank of America (In re Tolliver)*, Case No. 09-2076, 2012 WL 2952239 (Bankr. E.D. Ky. July 19, 2012); 9 COLLIER ON BANKRUPTCY § 3001.09[2] (16th ed. 2015).

### B. <u>Vanguard's Proof of Claim is Timely</u>.

The Debtor argues Proof of Claim No. 6 is untimely because Vanguard's claim is a prepetition claim and the General Bar Date applies. Vanguard argues its claim arose post-petition upon the rejection of 2003 Transportation Agreement and its claim is not untimely.

The Debtor has never questioned the timeliness of Proof of Claim No. 3 and the record

4

shows Proof of Claim No. 3 was filed before the General Bar Date.[3] Vanguard only filed and then amended Proof of Claim No. 6 as a precaution to clarify its theory for recovery of the rejection damages in Proof of Claim No. 3. Further, Proof of Claim No. 3 was disallowed with the understanding that Vanguard would seek recovery on the basis of indemnification and/or subrogation in Proof of Claim No. 6.

The Debtor was on notice that Vanguard's claim, whether by assignment of Proof of Claim No 3 or under Proof of Claim No. 6, relates to its satisfaction of the rejection damages covered by Proof of Claim No. 3 through the Settlement Agreement.

### C. **Vanguard Is Not Precluded from Asserting a Subrogation Claim by § 502(e)(1) or § 509(b)(1).**

The Debtor argues that Vanguard may not assert both a claim for indemnification (as a claim for reimbursement or contribution) and a claim for subrogation pursuant to § 502(e)(1) and § 509(b)(1). Section 502(e)(1) states, in relevant part:

> Notwithstanding subsections (a), (b), and (c) of this section and paragraph (2) of this subsection, the court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor, to the extent that –
>
>  (A) such creditor's claim against the estate is disallowed;
>  (B) such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution; or
>  (C) such entity asserts a right of subrogation to the rights of such creditor under section 509 of this title.

11 U.S.C. § 502(e)(1). Section 509(b) states:

> Such entity is not subrogated to the rights of such creditor to the extent that –

---
[3] The Bar Date Order provides that rejection damage claims are due on the "earlier of" the General Bar Date or thirty-one days after rejection. The term "earlier of" should have been "later of", as made clear by the Motion and Notice, which both used "later of". [Motion to Establish Bar Dates and Approve Bar Date Notice and Related Notice Procedures, ECF No. 48.] Therefore, the General Bar Date is the earliest cut off for a claim related to rejection of the 2003 Transportation Agreement.

5

>  (1)  a claim of such entity for reimbursement or contribution on account of such payment on such creditor's claim is –
>
>    (A) allowed under section 502 of this title;
>    (B) disallowed other than under section 502(e) of this title; or
>    (C) subordinated under section 510 of this title; or
>
>  (2) as between the debtor and such entity, such entity received the consideration for the claim held by such creditor.

11 U.S.C. § 509(b).

The purpose of both subsections is to prevent double recovery. *See In re Fuel Barons, Inc.*, 488 B.R. 783, 787 (Bankr. N.D. Ga. 2013); *see also In re Richardson*, 178 B.R. 19, 22 (Bankr. D. C. 1995) (recognizing the purpose of the exceptions under § 509(b) is to prevent double recovery). ETNG received no payments on its claim from the Debtor. Vanguard clarified at the October hearing that it is proceeding with a claim of subrogation under § 509, which is consistent with the amendment to Proof of Claim No. 6 filed on October 18, 2015. Thus, there is no chance of a double recovery and Vanguard is not precluded from making the claim.

>  D.   **Vanguard Has Not Satisfied Its Initial Burden to Prove It Is Entitled to a Subrogation Claim Pursuant to 11 U.S.C. § 509**.

Vanguard, having the burden of proof, failed to create a record that shows the Debtor's performance under the 2003 Transportation Agreement was guaranteed by Vanguard in the Guaranty, thus obligating it to pay ETNG's claim under the terms of the Settlement Agreement.

An entity is entitled to subrogation if: (1) the entity is liable with the debtor on a claim against the debtor; (2) the entity has paid all or part of the claim; and (3) the entity did not receive the consideration for the claim. *In re Fiesole Trading Corp.*, 315 B.R. 198, 203 (Bankr. D. Mass. 2004). A guarantor's payment on a debt post-petition can give rise to subrogation

rights under § 509.  *Prim Capital Corp. v. May (In re May)*, Bankr. No. 05, 10521, Adv. No. 05-1098, 2006 WL 4458360 (Bankr. N.D. Ohio Aug. 14, 2006).  But the alleged subrogee must be liable with the debtor on the claim and cannot act as a volunteer.  *In re Fischer*, 184 B.R. 41, 43 (Bankr. M.D. Tenn. 1995).  The Guaranty does not reflect that Vanguard is liable with the Debtor on ETNG's claim for rejection damages under the 2003 Transportation Agreement.

The 2003 Transportation Agreement with the Debtor is not an "Agreement" covered by the Guaranty.  In Section 1 of the Guaranty, the Guarantor guarantees "the timely payment when due of Counterparty's [the Debtor's] payment obligations arising under any Agreement ...." [Joint Stipulations of Fact, ECF No. 150, at Exhibit B.]  "Agreement" is defined in the first recital:  "WHEREAS, from time to time, Ariana Energy, LLC, a Tennessee limited liability company ("Counterparty"), and Beneficiary may enter into one or more contracts, agreements and commitments for the storage or transportation of natural gas (referred to collectively as "Agreement")."  [*Id.*]

The language used, "from time to time" and "may enter into", indicates future agreements and does not address past agreements.  Vanguard cannot claim any of the typical rights of a guarantor (e.g., indemnity or subrogation) for payments related to the 2003 Transportation Agreement, which already existed.  The 2003 Transportation Agreement was not covered by Vanguard's promise to guarantee performance under Agreements between the Beneficiary and the Debtor that may arise after execution.

ETNG and Vanguard treated the 2003 Transportation Agreement with the Debtor as a covered Agreement, but their actions are insufficient to prove an obligation when the jointly stipulated documents are clear and unambiguous.  Further, even if Vanguard had not agreed the record was complete, reopening argument to allow additional evidence would be futile.  Under

7

New York law, which governs the Guaranty,[4] a written agreement that is complete, clear and unambiguous on its face is enforced according to the plain meaning of its terms. *See Virk v. Maple-Gate Anesthesiologists, P.C.*, 80 F. Supp. 3d 469, 475 (W.D.N.Y. 2015) (*citing Greenfield v. Philles Records*, 98 N.Y.2d 562, 569, 750 N.Y.S.2d 565, 780 N.E.2d 166 (2002)).

Based on the record before the Court, Vanguard has not met its initial burden to support a claim of subrogation under § 509.

### III.   CONCLUSION

Vanguard is not a guarantor of the 2003 Transportation Agreement and thus cannot prove an essential element necessary to support a claim for subrogation under 11 U.S.C. § 509. Based on the foregoing, it is ORDERED that the Debtor's Supplemental Claim Objection [ECF No. 166] is SUSTAINED and Vanguard's Proof of Claim No. 6 is DISALLOWED.

---

[4] Joint Stipulations of Fact, ECF No. 150, at Exhibit B, ¶ 6.

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Gregory R. Schaaf*
**Bankruptcy Judge**
Dated: Friday, October 30, 2015
(grs)